IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD CALDWELL,

    Petitioner,                    No. 2:09-cv-0008-JAM-JFM (HC)

    vs.

JAMES WALKER,                      ORDER AND

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 conviction on charges of gross vehicular manslaughter while intoxicated and two other charges of driving under the influence. This matter is before the court on respondent's motion to dismiss this action as barred by the statute of limitations.[1]

        Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment

---

[1] Respondent also contends that the petition must be dismissed because it contains several unexhausted claims, and because petitioner has neither dated the petition nor signed it under penalty of perjury as required by Rule 2(c), 28 U.S.C. foll. § 2254. Because the petition is time-barred, the court need not reach the merits of these two contentions nor consider their effect, if any, on the matter at bar.

1

of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On July 19, 2005, petitioner was sentenced to thirty-two years to life in state prison following his conviction on charges of gross vehicular manslaughter while intoxicated, two other charges of driving under the influence of alcohol with injuries,, and his admission of nine prior convictions.

2. On May 17, 2007, petitioner's conviction and sentence were affirmed by the California Court of Appeal for the Third Appellate District.

3. On July 25, 2007, the California Supreme Court denied petitioner's petition for review.

/////
/////

1        4.  The instant action was docketed in this court on January 5, 2009.[2]

         The federal statute of limitations period began to run on October 23, 2007, when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 2001).  Petitioner did not file any petition for collateral review in the state courts.  Accordingly, the one year federal limitation period expired one year later, on or about October 23, 2008.  The instant petition was still in petitioner's possession at least on November 3, 2008, see footnote 2, supra, and was not docketed in this court until January 5, 2009.  Petitioner has not presented any evidence that suggests that the limitation period should be equitably tolled.[3]  This action is therefore time-barred.

         On March 12, 2009, petitioner filed a request for an extension of time.  Petitioner timely filed his opposition to defendants' motion on March 11, 2009.  His request for extension of time is unnecessary and will therefore be denied.

         In accordance with the above, IT IS HEREBY ORDERED that petitioner's March 12, 2009 request for extension of time is denied; and

         IT IS HEREBY RECOMMENDED that:

         1.  Respondent's February 18, 2009 motion to dismiss be granted; and

         2.  This action be dismissed as barred by the statute of limitations.

         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

---

[2] Petitioner neither signed nor dated his petition for writ of habeas corpus.  His application to proceed in forma pauperis, which was filed on the same day, was signed and dated by petitioner on November 3, 2008, and by an authorized prison official on December 9, 2008.  Under the circumstances of this case, the court need not determine when the petition was delivered to prison officials for mailing, see Houston v. Lack, 487 U.S. 266 (1988), because under any possible scenario the petition is untimely.

[3] Petitioner does allege that he is kept "heavily medicated," Response to Motion to Dismiss, filed March 11, 2009, at 18, but he presents no evidence in support of this allegation and makes no contention that such medication would support a claim of equitable tolling in this case.

1 days after being served with these findings and recommendations, any party may file written
2 objections with the court and serve a copy on all parties. Such a document should be captioned
3 "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that
4 failure to file objections within the specified time may waive the right to appeal the District
5 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6 DATED: March 31, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
cald0008.157